UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BRANDEN JONES,

                              Plaintiff,                          COMPLAINT

            -against-                            **PLAINTIFF DEMANDS
                                                                              A TRIAL BY JURY**
THE CITY OF NEW YORK &
JOHN DOE NEW YORK CITY
POLICE OFFICERS #1-5,

                              **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.*, for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about September 14, 2012 and thereafter when police officers employed by the City of New York stopped, searched, detained, arrested, and falsely imprisoned Plaintiff BRANDEN JONES without reasonable suspicion or probable cause.

2. On or about September 14, 2012 at approximately 11:45 p.m., Plaintiff and a few other dark skinned and African American individuals were walking, talking and laughing while walking down the public street. At approximately 152nd Street and Amsterdam Avenue in Manhattan, Plaintiff and his friends encountered Defendants JOHN DOE POLICE OFFICERS #1-5. Defendants JOHN DOE POLICE OFFICERS #1-5, without probable cause, reasonable suspicion and for no apparent reason decided to stop and toss Plaintiff and related case Plaintiffs

Christopher Harwell and Otis Clinkscales.  Defendants illegally detained, searched and harassed Plaintiff and the other individuals.

3. Defendants physically restrained Plaintiff, grabbed him and handcuffed him for no valid or apparent reason other than his skin color, age, race and the location he happened to be walking, near his home.

4. Defendants held Plaintiff in custody for over twelve hours without justification or probable cause.

5. Plaintiff was taken to Central Booking.  The District Attorney's Office refused to prosecute despite Defendants' efforts to file criminal charges against Plaintiff for fictional crimes of "unlawful assembly."  At one point during the ordeal, Plaintiff was told that Defendants JOHN DOE POLICE OFFICERS #1-5 were "just trying to clear the streets" and that he would be released eventually.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District.  Additionally, all Defendants are subject to personal jurisdiction in this District and the acts complained of occurred within this District.

## THE PARTIES

8. At all relevant times, Plaintiff was and is a resident of New York County, New York.

9. Defendant the CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant the CITY OF NEW YORK acted through their employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

10. At all times relevant hereto, Defendants JOHN DOE POLICE OFFICERS #1-5 acted in their official capacities, and were employees, agents, or servants of Defendant CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

11. Defendants JOHN DOE POLICE OFFICERS #1-5 are employees acting within the scope of their employment as officers of the New York City Police Department.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST THE CITY OF NEW YORK AND JOHN DOE POLICE OFFICERS #1-5

12. Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

13. Defendants JOHN DOE POLICE OFFICERS #1-5, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants physically and forcibly detained and handcuffed Plaintiff and held him under arrest.

14. As a result of the aforementioned occurrence, Defendants JOHN DOE POLICE OFFICERS #1-5, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff BRANDEN JONES of his rights secured under the Fourth and Fourteenth Amendment

of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

15. As a result of the foregoing, Plaintiff BRANDEN JONES was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

16. As a result of the foregoing, Plaintiff BRANDEN JONES demands monetary damages against Defendants JOHN DOE POLICE OFFICERS #1-5 and is further seeking punitive damages against Defendants JOHN DOE POLICE OFFICERS #1-5 in an amount to be determined by jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages;

    b. Punitive damages against the above named individual Defendants;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       February 6, 2013

                                              GIORDANO LAW OFFICES, PLLC

                                              By: _____
                                                   Carmen S. Giordano
                                                   Attorney for Plaintiff
                                                   226 Lenox Ave.
                                                   New York, New York 10027
                                                   212-406-9466